**REESE, Admr., Appellee,**

**v.**

**EUCLID CLEANING CONTRACTORS, INC., Appellant.\***

[Cite as *Reese v. Euclid Cleaning Contrs., Inc.* (1995), 103 Ohio App.3d 141.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67467.

Decided April 24, 1995.

---

\* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 73 Ohio St.3d 1453, 654 N.E.2d 989.

*Spangenberg, Shibley, Traci, Lancione & Liber,* Peter J. Brodhead and *Cathleen M. Bolek,* for appellee.

*Chattman, Sutula, Friedlander & Paul* and *Lawrence Friedlander,* for appellant.

---

PATRICIA ANN BLACKMON, Judge.

Euclid Cleaning Contractors, Inc. ("ECC"), defendant-appellant, appeals an adverse jury verdict in a wrongful death action filed by plaintiff-appellee, Linda Reese, administrator for William Reese, deceased. William Reese, who was employed at ECC as a window washer, was cleaning a third-story window when his safety belt failed and he fell thirty feet to his death. Linda Reese alleged that ECC committed an intentional tort by supplying William Reese with a defective safety belt. ECC assigns the following four errors for our review:

"I. The trial court erred in refusing to dismiss the case upon the completion of opening statement of the plaintiff.

"II. The trial court improperly allowed the economist, Robert Burke, to testify despite a proper motion in limine and the failure of the plaintiff to comply with the court order as outlined in its motion in limine and as set forth in the records of journal of this court.

"III. Upon the conclusion of the case, the proposed jury instructions were prepared and issued by the court to the jury.

"IV. The trial court erred in failing to direct a verdict in favor of the defendant and against the plaintiff at the conclusion of the plaintiff's case and again as renewed at the conclusion of the defendant's case."

After reviewing the record and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.

ECC, a cleaning company, sent William Reese and several other window washers to clean windows at Regina High School. Reese used a company-provided safety belt to facilitate the cleaning of a third-story window. The safety belt consisted of a belt and a long strap both made of a woven cotton fabric. The adjustable belt fit around the window washer's waist. The long strap, which had metal fasteners on each end, was passed through metal loops on the belt and fastened to metal anchors on the left and right sides of the window. While he was cleaning the window, the long strap connected to Reese's belt broke. The strap slipped through the metal loops of the safety belt and Reese fell thirty feet to the concrete below. Reese later died from his injuries.

William Reese's widow, Linda Reese, plaintiff-appellee, filed the instant action against ECC. In her complaint, Linda Reese alleged ECC committed an intentional tort by endangering William Reese's life by providing him with a defective safety belt. The case went to trial on May 31, 1994. At the end of Reese's opening statement, ECC moved for a directed verdict. The trial court denied the motion. The testimony at trial revealed that the belt was manufactured in 1962, twenty-eight years before the accident. According to expert testimony by engineer Dr. David Colling, the strap had snapped due to old age. Reese also offered the testimony of Dr. John Burke, an economist who testified on the issue of damages. ECC unsuccessfully moved for a motion *in limine* to exclude Burke's testimony due to Reese's failure to provide an expert report from Burke as required by Loc.R. 21.

ECC provided testimony from its president and sole shareholder, Martin Presser, who denied any prior knowledge that the belt was defective. He also testified that ECC employees were not specifically ordered to use a belt when cleaning windows and could refuse a "belt job" without explanation. At the close of all the evidence, ECC again moved for a directed verdict. The trial court denied the motion. The trial court refused to give ECC's requested jury instruction on specific intent and the jury returned a $550,000 verdict for Linda Reese. This appeal followed.

■ The first issue raised by this appeal is whether the trial court erred in denying ECC's motion for directed verdict after the close of Linda Reese's opening statement. When reviewing a motion for a directed verdict made at the end of the plaintiff's opening statement, the trial court should construe the opening statement in favor of the nonmovant. *Job v. Cleveland Dance Ctr.* (1989), 62 Ohio App.3d 678, 685, 577 N.E.2d 396, 401. See, also, *Sapp v. Stoney Ridge Truck Tire* (1993), 86 Ohio App.3d 85, 93, 619 N.E.2d 1172, 1177. The motion should be denied unless there has been a complete failure to propose relevant evidence on an essential element of the claim. *Howard v. Columbus Prod. Co.* (1992), 82 Ohio App.3d 129, 136, 611 N.E.2d 480, 484. When determining whether the plaintiff has presented a valid claim, the court must examine the allegations of the complaint as well as the opening statement. *Sapp*, 86 Ohio App.3d at 93, 619 N.E.2d at 1177.

■ ECC argues that Reese failed to establish that ECC intentionally harmed William Reese, or knew with substantial certainty that the harm was likely to occur. ECC also argues that Reese failed to prove William Reese was required to continue performing the dangerous task. Reese argues that she was not required to prove ECC actually intended to injure William Reese. She claims that it was sufficient to show ECC, with knowledge that the injury to William

Reese was substantially certain to result, required him to work on windows using a defective safety belt.

■ Reese's complaint against ECC alleged an intentional tort. The elements of an intentional tort are:

"(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty, and (3) that the employer, under such circumstance, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Howard v. Columbus Prod. Co.* (1992), 82 Ohio App.3d 129, 134, 611 N.E.2d 480, 483.

According to Reese's complaint and opening statement, ECC knew that the safety belt was twenty-eight years old and would break sooner or later. ECC knew that some of its window washing assignments required the use of safety belts and its employees would be using the safety belts provided by ECC. ECC knew that its employees would be seriously injured or killed in the event the safety belts failed. Despite this knowledge, ECC did not inspect the belts, did not perform safety tests on the belts, had no program for maintaining the belts, and did not periodically replace them with new ones. With knowledge that an old safety belt would break sooner or later, and that such failure would result in serious injury or death, ECC sent William Reese to perform a window washing job that would require the use of safety belts. We find that the above evidence, construed most favorably to Reese, is sufficient to establish a claim of an intentional tort by ECC.

■ Turning next to ECC's fourth assignment of error, we must determine whether the trial court erred in denying its motions for directed verdict made at the end of Reese's case and again at the end of ECC's case. A motion for directed verdict should be denied where the nonmovant presents substantial evidence in support of his claim upon which reasonable minds could reach different conclusions. *David v. Schwarzwald, Robiner, Wolf & Rock* (1992), 79 Ohio App.3d 786, 797, 607 N.E.2d 1173, 1179. Despite ECC's argument to the contrary, we find that Reese went forward with substantial evidence that ECC acted with the requisite intent for an intentional tort claim.

According to the evidence produced at trial, ECC knew that the safety belt in question was twenty-eight years old and would eventually break. ECC knew that the safety belt would have to be used at Regina High School. Although ECC argues that William Reese could have refused to do belt work, no evidence was presented to indicate that the Regina High School job could have been

completed without the use of safety belts. ECC knew that a window washer would be seriously injured or killed if a belt failed while it was in use. Nevertheless, ECC had no program to inspect or safety test the belts and continued to send its employees on jobs which required their use. Construing this evidence most strongly in favor of Reese, we find that reasonable minds could reach different conclusions about whether ECC's actions constituted an intentional tort. Consequently, we overrule ECC's fourth assignment of error.

■ In its second assignment of error, ECC argues that the trial court improperly admitted the testimony of Dr. John Burke, an economist. ECC argues that the testimony should have been excluded because Reese failed to provide ECC an expert report. Loc.R. 21 provides:

"A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. * * * The report of an expert must reflect his opinions as to each issue on which the expert will testify. An expert will not be permitted to testify or provide opinions on issues not raised in his report."

■ Whether a party has complied with the Loc.R. 21 requirement of an expert report is a matter within the discretion of the trial court. *David, supra,* 79 Ohio App.3d at 795, 607 N.E.2d at 1178. Unless the trial court is shown to have abused its discretion, its determination will not be reversed on appeal. *Id.* See, also, *Krantz v. Schwartz* (1992), 78 Ohio App.3d 759, 764, 605 N.E.2d 1321, 1324–1325.

■ The primary purpose of Loc.R. 21 is to avoid prejudicial surprise resulting from noncompliance with the report requirement. See *David,* 79 Ohio App.3d at 795, 607 N.E.2d at 1178. Where there is no showing of prejudice, an appellate court will affirm the denial of a motion *in limine* based upon failure to comply with Loc.R. 21. In this case, ECC admits receiving a "preliminary report" from Reese's expert, Dr. John Burke. The trial court stated on the record that anyone reading the report would know exactly what Burke was going to say and how he reached his conclusions. ECC does not allege and our review of the record does not indicate that Burke gave any testimony at trial which differed from the conclusions reached in his preliminary report. Under the circumstances, we conclude that the trial court did not err in allowing Burke's testimony. ECC's second assignment of error is overruled.

■ ECC next argues that the trial court erred in failing to give the requested jury instruction from the syllabus in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. The requested instruction pertained to the level of proof required to establish an intentional tort by an employer. The failure to give a requested jury instruction is not reversible error if the law is

expressed to the jury clearly and fairly enough to enable the jury to understand the law as it applies to the facts in the case. *Deffinbaugh v. Ohio Turnpike Comm.* (1990), 67 Ohio App.3d 692, 701–702, 588 N.E.2d 189, 194–195.

The trial court's instructions to the jury included the following statement:

"The plaintiff must prove by the greater weight of the evidence that the defendant employer subjected the decedent to a dangerous condition of employment with an intent to injure the decedent or other employees, or that the defendant committed an act with knowledge that injury to the decedent or other employees was substantially certain to occur.

"In order to show this intent, plaintiff must prove that the defendant knew of the existence of the dangerous equipment within his business operation, that the defendant knew that harm to an employee was substantially certain to occur, and that the defendant required the decedent to continue to perform the dangerous task."

Although the trial court did not use the exact language requested by ECC, the court's instructions accurately reflected the applicable law. A requested jury instruction need not be given verbatim as long as it accurately conveys the relevant law. See *Youssef v. Parr, Inc.* (1990), 69 Ohio App.3d 679, 690, 591 N.E.2d 762, 769 ("The trial court need not give a proposed instruction in the precise language requested by its proponent, even if it properly states an applicable rule of law. The court retains discretion to use its own language to communicate the same legal principles."). We find no error in the trial court's instruction. ECC's third assignment of error is overruled.

Finding no merit to any of ECC's assignments of error, we affirm the decision of the trial court.

The judgment is affirmed.

*Judgment affirmed.*

HARPER and NAHRA, JJ., concur.