OPINION
Plaintiffs, Stacy and Amy Busch, appeal from a summary judgment rendered in favor of Defendant, Unibilt Industries, Inc. ("Unibilt"), on the Plaintiffs' intentional tort claims.
Unibilt is in the business of producing and selling manufactured homes. Instead of being constructed on a building site, from the ground up, Unibilt's homes are constructed in a factory, using an assembly line process.
Stacy Busch was employed by Unibilt in its factory as a "rough plumber." His job was to install plumbing and vents through the walls of manufactured homes and into the attic space. This required him to work at a height of about eight feet above the factory floor. Busch typically reached those locations by walking across exposed trusses of uncompleted floors.
Unibilt installed a steel safety cable running above the units on which Busch and others worked. However, Unibilt had not provided safety harnesses that workers could attach to the cable to save them from a fall. At best, Busch and other workers could only grasp the cable by hand to prevent a fall that might occur as they traversed the trusses of a roof.
On May 21, 1997, Busch was walking across a series of trusses when he stepped on a truss that was inadequately nailed and which gave way. Busch was unable to grasp the safety cable and fell toward the floor. He suffered a severe injury to his groin area when he landed on and shattered a two-by-four board installed for a railing.
Busch commenced this action, alleging claims for relief for intentional tort and negligence. He sought compensatory and punitive damages. His spouse, Amy Busch, sought damages for loss of consortium.
Unibilt moved for summary judgment on the plaintiffs' claims for relief. The trial court analyzed the issues and the evidence presented, applying the three-prong test for intentional tort claims of Van Fossen v. Babcock-Wilcox Co. (1988), 36 Ohio St.3d 100.The court granted Unibilt's motion, holding that reasonableminds could not conclude that any of the three prongs weresatisfied by the evidence presented. The court's holding on theintentional tort claim compelled it to also grant summary judgmenton the derivative loss of consortium claim., Plaintiffs Stacy and AmyBusch filed a timely notice of appeal. They present two assignmentsof error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE ON PLAINTIFFS-APPELLANTS' CLAIM FOR EMPLOYER INTENTIONAL INJURY.
 Employer intentional tort claims must be analyzed within the broader context of Ohio's workers compensation system, which bars actions brought by employees for injuries arising from negligent or reckless acts or omissions on an employer's part. In those latter events, the injured employee must look to the workers compensation fund for his losses. However, because the workers compensation system was not established to compensate for intentional torts on the employer's part, intentional tort claims are not barred. Blankenship v. Cincinnati Milacron Chemicals, Inc. (1982), 69 Ohio St.2d 608.
In order to establish "intent" for the purpose of proving that an intentional tort was committed by an employer against his employee, the employee must demonstrate three things: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Van Fossen, supra, paragraph five of the syllabus.
 To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent.
 Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph two of the syllabus.
When these issues are submitted to the court on a motion for summary judgment, Civ.R. 56 requires the court to construe the evidence presented most strongly in favor of the party against whom the motion is made. Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
The evidence presented for and against Unibilt's motion demonstrates, on the standard that Civ.R. 56 prescribes, the following facts: that Busch and other Unibilt employees regularly worked at heights of eight feet and more above the shop floor; that other employees had been injured in falls similar to Busch's and that Unibilt was aware of those events; that the steel safety cable which Unibilt installed was of little of any value in preventing falls; and, that Unibilt was unaware of the improperly nailed truss that gave way when Busch stepped onto it, resulting in his fall and the injuries it produced.
The trial court held that Busch could not satisfy the first prong of Van Fossen, supra, "knowledge by the employer of a dangerous process, procedure, instrumentality, or condition," because Unibilt had no knowledge of the inadequately nailed truss. We believe that applies the test too narrowly. The issue is whether the employer knew of the existence of a dangerous process, procedure, or condition within its business operation. That contemplates an industrial operation which the employer has consciously implemented, not merely a defect in that operation of which the employer is unaware.
Here, the relevant process, procedure, or condition is the scheme for construction that Unibilt adopted which required Busch and other employees to work at heights above the factory floor without the benefit of safety restraints. It was that lack of restraints that rendered the manufacturing process dangerous. It is undisputed that Unibilt had knowledge of that fact.
The second prong of Van Fossen requires evidence which demonstrates "knowledge by the employer that if the employee is subjected by his employment to the dangerous process, procedure, or condition, then harm to the employee will be a substantial certainty and not just a high risk." The trial court found that Busch could not bear his burden of proof on this prong because he and other employees had "regularly walked on dormer headers without incident or injury on a daily basis for years." (Decision, Order and Entry, p. 9).
The record is not lacking in evidence of injuries resulting from prior falls similar to Busch's. Another employee, Roy J. Burger, a drywall hanger, fell ten feet to the floor while walking across a roof truss and was injured. Randy William Loper, an assembler, fell through drywall and struck a truss. Loper also testified that falls were not uncommon. Jason Fritz stated that he had fallen through ceilings numerous times while insulating roofs and laying subflooring. Stacy Busch testified that another employee fell to the floor approximately one year before he did. Gregory Lee Whitt, a quality control manager, testified that a worker had fallen through drywall from a height of more than eight feet, injuring another worker who was working at ground level. This evidence demonstrates that falls similar to the fall that injured Stacy Busch have repeatedly occurred, and that persons were harmed as a result.
Whether any harm was a substantial certainty in the context ofVan Fossen depends on the probability of its occurrence. An eventis certain if it is inevitable; that is, given to and marked bycomplete assurance and conviction. In human affairs, only deathsatisfies that test. Thus, and for these purposes, the harminvolved must have been a "substantial certainty." When used asan adjective, substantial means that which is specified to a largedegree or in the main. Webster's Third New InternationalDictionary (1986).
So long as the Earth rotates on its axis, the law of gravity is certain. While the law of gravity prevails, it is also certain that an unsupported object will fall until its travel is interrupted by some object or surface below. When the falling object is a human being, harm resulting from the fall is a substantial certainty, depending on (1) the height from which the fall takes place and (2) the hazard presented by the surface or objects below.
Where an employer has removed a safety device that might have prevented an injury, courts may consider that fact in determining motions for summary judgment on employee intentional tort claims.Fyffe v. Jeno's, Inc., supra. Here, the evidence doesn't show that Unibilt removed a safety device, but instead that it failed to install or complete one. Unibilt disputes that the device could have prevented Busch's fall and the harm resulting from it. However, for purposes of Civ.R. 56, we must construe that evidence most strongly in favor of Busch.
Notwithstanding the relatively few falls that took place in relation to the exposure to the risk of falls that Unibilt's manufacturing process created, we cannot find that Plaintiff Busch failed to bear the burden of proof on the "substantially certain" prong that Civ.R. 56 imposes.
Other courts have held that the harm resulting from a fall is a substantial certainty because of the very nature of the causes which produce a fall, the lack of prior experience notwithstanding. Emminger v. Motion Savers, Inc. (1990), 60 Ohio App.3d 14;Dirksing v. Blue Chip Architectural Products, Inc.(1994), 100 Ohio App.3d 213; Reese v. Euclid CleaningContractors, Inc. (1995), 103 Ohio App.3d 141. As in those cases, Busch was assigned by his employer to a task which put him at a direct risk of harm from falling from an elevated height, a risk that was lessened only slightly by the use of safety restraints. The nature of the risk was such that the resulting harm was one which reasonable minds could conclude was a substantial certainty, not just a matter of high risk.
The burden imposed on plaintiffs to prove that any harm was a substantial certainty is itself a substantial burden. However, in motions for summary judgment the burden is on the moving party.Dresher v. Burt (1996), 75 Ohio St.3d 380. That burden is toshow that no case or controversy exists concerning an issue onwhich the adverse party's claim depends. Wolf v. McCullough-HydeMemorial Hosp., Inc. (1990), 67 Ohio App.3d 349. That requiresthe court to make a factual inquiry. Fabrotta v. Merida HuronHosp. Sch. Of Nursing (1995), 102 Ohio App.3d 653. Because thatinquiry avoids the jury review to which it otherwise is entitled,this court has held that "all doubts must be resolved in favor ofthe nonmoving party." Hampton v. Trimble (1995), 101 Ohio App.3d 282,286.
The direct risk of a fall that Busch's assignment presented, coupled with the record of prior, similar falls, the lack of any safety restraints, and the serious injury to Busch that resulted, create doubts concerning the summary judgment relief that Unibilt requested and the basis for it. We conclude that the evidence is in conflict concerning whether Unibilt's manufacturing process made the harm that Busch suffered a substantial certainty. On that basis, we find that the trial court erred when it held that Busch cannot present evidence that satisfies the second prong of the Van Fossen test.
The third prong of Van Fossen requires proof that the employerin fact required the employee to continue to perform the task,having knowledge of the danger it presented. The trial courtfound no evidence that Unibilt had expressly required Busch towalk across trusses to perform his required tasks. However, it isundisputed that Unibilt was aware that Busch and other employeesperformed their tasks in that way. Indeed, it is clear thatUnibilt acquiesced in the process. This raises an inference thatUnibilt required Busch to perform those tasks that is sufficientto defeat Unibilt's motion. Hannah v. Dayton Power Light Co.
(1998), 82 Ohio St.3d 482.
The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE ON PLAINTIFFS-APPELLANTS' CLAIMS FOR PUNITIVE DAMAGES AND FOR LOSS OF CONSORTIUM.
 Amy Busch's loss of consortium claim is derivative of Stacy Busch's intentional tort claim. Having granted Unibilt's motion for summary judgment on the intentional tort claim, the trial court was required to likewise grant summary judgment for Unibilt on the loss of consortium claim. The holding also eliminated the necessary basis of Stacy Busch's prayer for punitive damages. Our decision sustaining the first assignment of error revives the loss of consortium claim and the prayer for punitive damages.
The second assignment of error is sustained.
 Conclusion
Having sustained the assignments of error presented, we will reverse the judgments from which this appeal was taken and remand the case to the trial court for further proceedings.
BROGAN, J. and WOLFF, J., concur.