JOURNAL ENTRY and OPINION
This case is before the court on appeal from an order of the common pleas court granting summary judgment in favor of appellee Ford Motor Company. Plaintiffs-appellants argue:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. AND MRS. SAIKUS' ATTEMPT TO OBTAIN DISCOVERY AND INFORMATION.
 II. THE TRIAL COURT ERRED IN GRANTING APPELLEE FORD'S MOTION FOR SUMMARY JUDGMENT BECAUSE, DESPITE THE NEEDED INFORMATION AND DISCOVERY, PLAINTIFFS POINTED TO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE THAT PRECLUDED SUMMARY DISPOSITION UNDER CIVIL RULE 56.
 III. THE TRIAL COURT ERRED IN GRANTING FORD'S MOTION TO STRIKE MR. AND MRS. SAIKUS' SUPPLEMENTAL EXPERT REPORTS.
We find no error in the court's rulings, and we affirm its decision.
 PROCEDURAL HISTORY
Appellants filed a ten-count complaint against appellee Ford Motor Company (Ford) and co-defendants T.E. Clarke Ford, Inc. (Clarke Ford) and Craig Bohl on March 23, 1999.[1] The complaint alleged appellant Sylvia Saikus purchased a 1995 Ford Windstar from Clarke Ford on June 6, 1994. Fewer than four months later, the vehicle began to exhibit various mechanical defects. Among these was an alleged defect in the braking system, which appellants claimed extended the vehicle's stopping distance. Appellants claimed they attempted to have defendants repair these defects, but the repairs were not effective.
The complaint claimed that on or about July 1, 1997, appellant Raymond Saikus's right knee was injured when he applied his foot to the brake pedal in an effort to stop the vehicle and the pedal floated to the floor.
Count one of the complaint asserted Ford and Clarke Ford breached express warranties and implied warranties of fitness and merchantability and breached the contract of sale. Count two claimed violation of Ohio's Lemon Law, and count three claimed violation of the Ohio Consumer Sales Practices Act. Count four alleged defendants violated the Magnuson Moss Warranty Act. Count five contended the defendants negligently failed to repair the brakes. Count six claimed negligent design or manufacture, failure to adequately test, failure to warn, and failure to repair. Count seven asserted the vehicle was defective. Count eight alleged defendant Bohl tortiously interfered with appellants' service contract with Clarke Ford and threatened appellant Raymond Saikus with physical harm. Count nine claimed appellant Sylvia Saikus lost consortium with her husband. Count ten challenged the constitutionality of Ohio`s Tort Reform Law.
In December 1999, appellants moved the court for leave to amend their complaint based upon a partial settlement of claims. In their memorandum in support, appellants alleged that they had settled the Lemon Law portion of the case (count two) against all defendants and the breach of contract, breach of warranty and Consumer Sales Practices Act claims (counts one, three and four) against Ford. A proposed amended complaint was attached to the motion. The court granted the motion to amend on December 29, 1999.[2]
All defendants moved for summary judgment in January 2000. Ford's motion was addressed to the claims remaining against it in the amended complaint. The motion filed by Clarke Ford and Bohl was addressed to appellants' claims for violation of Ohio's Lemon Law[3] and Consumer Sales Practices Act, product liability and negligence.
On February 1, 2000, appellants moved the court to continue the trial scheduled for March 7 and to extend the time for their response to the defendants' summary judgment motions, but the court denied these requests. On February 7, 2000, appellants moved the court for an order compelling Ford to respond to discovery, but the court also denied this motion. Appellants responded jointly to the defendants' motions for summary judgment on February 10, 2000. The court granted the defendants' motions on February 29, 2000, noting that the judgment was partial.
On March 7, 2000, the court entered an order which stated settled and dismissed with prejudice. Final. Thereafter, the court entered an order nunc pro tunc as and for March 7, 2000, which provided that [a]ll remaining claims against Defendants TE Clarke Ford and Bohl only have been settled and dismissed with prejudice. Costs to defendant TE Clarke Ford. Final.[4]
 LAW AND ANALYSIS I. Jurisdiction.
Although the parties have not raised the issue of this court's jurisdiction in this matter, we are obligated to examine the issue sua sponte.
The trial court's grant of the defendants' summary judgment motions disposed of all the claims against Ford in the amended complaint but only partially disposed of the claims against Clarke Ford and Bohl. The summary judgment was not final and appealable at that time because the court had not certified that there was no just cause for delay pursuant to Civ.R. 54(B). Accordingly, the order granting summary judgment was interlocutory and subject to amendment at any time.
The court's nunc pro tunc dismissal order disposed of the specified (remaining) claims against specific parties (Clarke Ford and Bohl). As these were the only claims still pending in the case, their disposition resolved all claims against all parties and made the prior order granting summary judgment to Ford final and appealable.
Therefore, we find we have jurisdiction over this appeal.
 II. Merits. A. Discovery Issues.
Appellants first assert that the court abused its discretion by denying their motion to compel discovery. The motion to compel concerned appellants' post-discovery[5] letter request to Ford to supplement its responses to discovery in a previously dismissed case. The trial court did not abuse its discretion by rejecting appellants' efforts to use the court's enforcement powers to compel a response to their untimely and informal demands for discovery.
Appellants also complain that the court abused its discretion by denying their motion to continue the trial and to extend the deadline for their response to the dispositive motions. Appellants asked the court to extend the deadline for their response to the summary judgment motions until June 12, 2000, and to continue the trial date until August 7, 2000, to allow time for the completion of an analysis by the National Highway Traffic Safety Administration and to permit appellants' expert to review the analysis and reinspect their vehicle. The court denied this motion.
Once again, it appears that appellants' motion was untimely. Expert discovery was to have been completed on January 22, 2000, some ten days before appellants filed their motion. It is not clear why appellants' expert did not complete his testing during the ten months between the refiling of this action and the expert discovery deadline. Though he stated that the NHTSA analysis would provide him with guidance, there is no indication that this analysis was an essential prerequisite to his ability to express an opinion. Furthermore, appellants conceded there was no way to know when the NHTSA analysis would be completed, so they did not know whether they would have the information they were awaiting at the end of the requested delay. For all of these reasons, the court did not abuse its discretion in refusing to continue the trial date or to extend the deadline for appellants' response to the summary judgment motions.
 B. Summary Judgment.
The second assignment of error contends the court erred by granting summary judgment to Ford. We review the grant of summary judgment de novo, applying the same standard of review the trial court applied.
First, appellants argue that genuine issues of material fact precluded summary judgment on their claims that the vehicle was defective in manufacture, design, or formulation. They assert the fact that the brake faded is evidence of a defect in itself because defect-free brakes do not fade. However, appellants admitted (in the affidavit attached to their response to the summary judgment motions) that the fading problem did not occur with every use of the brakes. The irregular operation of the brakes cannot be attributed to a defect simply from the fact that it occurred. Cf. Colbach v. Uniroyal Tire Co., Inc. (1996), 108 Ohio App.3d 448, 457.
More importantly, there is no evidence that appellant Raymond Saikus's knee injury was caused by any alleged defect. The expert medical report appellants provided to Ford did not opine that the fading brakes caused appellant's injury; the expert said only that it appears this incident may have been responsible in causing the symptoms that Mr. Saikus now suffers from. This opinion is not sufficiently certain or specific enough to demonstrate a genuine issue of material fact as to whether appellant's injury was caused by a defect in the vehicle. See State Farm Fire Cas. Co. v. Chrysler Corp. (1988), 37 Ohio St.3d 1, 7; Shumaker v. Oliver B. Cannon Sons, Inc. (1986), 28 Ohio St.3d 367, 369.
Appellants also argue there were genuine issues of material fact as to whether the vehicle was defective because Ford failed to provide a warning. Appellants were aware of the problem with the brake fading, as they had complained about it several times. Ford had no duty to warn them about a problem of which they were aware.
Finally, appellants assert Ford is strictly liable because its product did not conform to its representations that the vehicle was reliable and of good quality. This was not a claim asserted in the complaint; it could not be asserted for the first time in response to a summary judgment motion.
Therefore, we overrule the second assignment of error.
 C. Motion to Strike.
The third assignment of error contends the trial court erred by granting Ford's motion to strike appellants' supplemental expert reports. This is a matter within the trial court's discretion. See, e.g., Brzezinski v. Feuerwerker (Sept. 14, 2000), Cuyahoga App. No. 74288, unreported.
Appellants attempted to use the supplemental expert reports in responding to Ford's summary judgment motion. Ford had relied upon the expert's previous reports in preparing its motion; the deadline for exchanging expert reports had passed. The court did not abuse its discretion by refusing to allow appellants to sandbag Ford with this new evidence. Cf. Reese v. Euclid Cleaning Contrs., Inc. (1995),103 Ohio App.3d 141, 147 (The primary purpose of Loc.R. 21 [now Loc.R. 21.1] is to avoid prejudicial surprise resulting from noncompliance with the report requirement.). Accordingly, the third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ KENNETH A. ROCCO, J.
[1] The record reflects that this action was previously filed and dismissed after discovery was exchanged.
[2] A proposed amended complaint was attached to the motion for leave to amend, but it was not separately filed. In the interest of judicial economy, we deem it to have been filed upon the court's acceptance of the motion for leave to amend.
[3] Though the original complaint contained a Lemon Law claim against Clarke Ford, there was no such claim in the amended complaint.
[4] This judgment was mistakenly entered in case number 349,601, a previously dismissed action among the same parties. The record in the present case has been corrected to incorporate it.
[5] Fact discovery in this case was concluded on December 15, 1999. Appellants' counsel's letter to Ford's counsel concerning these fact discovery issues was dated January 4, 2000.