JOURNAL ENTRY and OPINION
Appellant Edward Wright appeals the trial court's division of marital property and awards of spousal support and attorney fees to his former wife, Joneeta. Edward assigns the following as errors for our review:
 I. THE COURT ERRED IN AWARDING APPELLEE THE MARITAL RESIDENCE WHEN THE APPELLEE OFFERED NO VIABLE REASON FOR HER BEING AWARDED THE MARITAL RESIDENCE; THE FACT THAT APPELLEE'S MOTHER AND ADULT DAUGHTER, WHO WAS NOT A CHILD OF THE MARRIAGE (NOT APPELLANT'S CHILD) WERE LIVING IN THE MARITAL RESIDENCE WITH APPELLANT AND APPELLEE IS NOT A VALID PERSON PURSUANT TO OHIO STATUTORY PROVISION: ORC 3103.1171(J)(1) ALLOWS A DOMESTIC RELATIONS COURT TO ALLOW EITHER SPOUSE TO CONTINUE TO LIVE IN THE MARITAL RESIDENCE FOR ANY PERIOD THAT IS REASONABLE OR FOR A PARTICULARIZED NEED.
 II. THE COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONSIDER APPELLEE'S PERS PENSION AS A MARITAL ASSET: OHIO STATUTORY LAW REQUIRES THAT ALL ASSETS OF THE MARRIAGE BE VALUED FOR PURPOSES OF DIVISION.
 III. THE COURT FAILED TO ORDER PRESENTATION OF EVIDENCE CONCERNING THE VALUE OF APPELLEE'S PERS PENSION BY GRANTING APPELLEE'S MOTION IN LIMINE CONCERNING ADMISSION OF EVIDENCE OF APPELLEE'S PENSION IN THE FORM OF THE EXPERT DAVID KELLEY'S (OF PENSION EVALUATORS) WRITTEN REPORT REQUESTED MANY MONTHS IN ADVANCE OF THE TRIAL DATE BUT PROVIDED, THROUGH NO FAULT OF APPELLANT'S, ON THE MORNING OF THE TRIAL.
 IV. THE COURT FAILED TO ORDER PRESENTATION OF EVIDENCE CONCERNING THE VALUE OF APPELLEE'S PERS PENSION BY GRANTING APPELLEE'S MOTION IN LIMINE CONCERNING THE ADMISSION OF EVIDENCE OF APPELLEE'S PENSION IN THE FORM OF THE EXPERT DAVID KELLEY'S (OF PENSION EVALUATORS) ORAL TESTIMONY CONCERNING THE WRITTEN REPORT PREPARED AND SUBMITTED TO THE COURT ON THE DAY OF THE TRIAL VIA FAX TO THE MAGISTRATE AND REQUESTED MANY MONTHS IN ADVANCE OF THE TRIAL DATE BUT PROVIDED, THROUGH NO FAULT OF APPELLANT'S, ON THE MORNING OF TRIAL.
 V. THE COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING ADMISSION OF THE EXPERT'S REPORT FAXED TO THE COURT ON THE MORNING OF THE TRIAL IN THE INSTANT CASE WHEN IT WAS A FREQUENT OCCURRENCE OF PENSION EVALUATORS TO FAX PENSION EVALUATIONS TO THE COURT ON THE DAY OF TRIAL OF A CASE.
 VI. THE COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONTINUE THE TRIAL WHEN APPELLEE ALLEGED UNDUE SURPRISE CONCERNING RECEIPT OF THE PENSION EVALUATION FOR APPELLEE FROM PENSION EVALUATORS, A COMPANY WELL-KNOWN IN THE CUYAHOGA COUNTY COMMON PLEAS COURT, DOMESTIC RELATIONS DIVISION BY DAVID KELLEY, WHO TESTIFIES FREQUENTLY IN THE ABOVE COURT AND WHO HAD PREVIOUSLY APPEARED IN THE INSTANT CASE ON THE SUBPOENA OF APPELLEE CONCERNING THE MATTER OF PENSION EVALUATION AND WHO FURTHER EVALUATED APPELLANT'S PENSION IN THE INSTANT CASE.
 VII. OHIO STATUTORY LAW REQUIRES THE EQUITABLE DISTRIBUTION OF A SPOUSE'S PERS PENSION IN THE DIVISION OF THE ASSETS OF THE MARRIAGE.
 VIII. THE COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE AN UNEQUAL DISTRIBUTION (GREATER THAN ONE-HALF) OF THE ASSETS OF THE MARRIAGE.
 IX. THE COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE 100% OF THE EQUITY IN THE MARITAL RESIDENCE.
 X. THE COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE SPOUSAL SUPPORT WHEN APPELLEE WAS AWARDED A GREATER THAN 50% DISTRIBUTION OF MARITAL ASSETS.
 XI. THE COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE SPOUSAL SUPPORT WHEN APPELLANT'S AND APPELLEE'S MONTHLY INCOMES WERE APPROXIMATELY EQUAL.
 XII. THE COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE SPOUSAL SUPPORT WHEN APPELLEE HAS INCOME PRODUCING ASSETS WHICH WERE NOT CONSIDERED IN DETERMINING TOTAL MONTHLY INCOME THAT APPELLEE HAD AVAILABLE TO HER.
 XIII. THE COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE SPOUSAL SUPPORT WHEN APPELLEE HAS INCOME PRODUCING ASSETS WHICH WERE NOT CONSIDERED IN DETERMINING TOTAL MONTHLY INCOME THAT APPELLEE HAD AVAILABLE TO HER.
 XIV. THE COURT HAS ABUSED ITS DISCRETION BY AWARDING APPELLEE ATTORNEY FEES WHEN APPELLEE DID NOT SATISFY THE OHIO STATUTORY REQUIREMENTS AND HAD AMPLE ASSETS AND INCOME TO PAY HER OWN ATTORNEY FEES.
Initially we note Edward's twelfth and thirteenth assigned errors are duplicative. Accordingly, we address Edward's twelfth assigned errors and strike his thirteenth assigned error.
Having reviewed the record and legal arguments of the parties we affirm in part and reverse in part the decision of the trial court. The apposite facts follow.
Following nearly twelve years of marriage, Edward and Joneeta filed for divorce. At the time of filing, both parties were employed by the Rapid Transit Authority. Edward was actively employed and showed 1997 gross annual income of $35,000 and 1998 gross annual income of $46,710.11. Meanwhile, Joneeta collected $2,358.65 per month through her Public Employee's Retirement System (PERS) disability pension and rental property. Their case was referred to a magistrate who made findings of fact and conclusions of law that the trial court adopted.
The magistrate divided the marital property and awarded Joneeta spousal support in the amount of $275 per month for forty-eight months plus an additional $3,414.80 to create a more equitable distribution of the marital property. Further, the court ordered Edward to pay $2,000 to Joneeta as additional spousal support toward the $7,897 she incurred in attorney fees.
Joneeta's PERS disability pension and the marital residence are at the core of Edward's complaint that the trial court inequitably divided the marital assets. On the day of trial, Edward presented an expert report of Dr. David Kelley of Pension Evaluators pertaining to the value of Joneeta's PERS pension. Joneeta orally moved the court for a motion in limine to exclude the report having not been produced prior to the day of trial. Pursuant to Loc.R. 21.1 (B), the trial court granted Joneeta's motion. The court valued the marital assets, including the marital residence, and created a division whereby Joneeta received the marital residence.
Edward's fourteen assigned errors present four general issues for our review: Joneeta's PERS pension, division of marital property, award of spousal support, and award of attorney fees. For purposes of organization and clarity we consolidate Edward's fourteen assigned errors under these topical headings.
In his second through seventh assigned errors, Edward argues the trial court erred in granting Joneeta's motion in limine excluding Dr. Kelly's testimony regarding the value of Joneeta's PERS pension, and in subsequently considering the portion of her pension earned during the marriage a marital asset.
Loc.R. 21.1(B) provides:
 A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. * * *. The report of an expert must reflect his opinions as to each issue on which the expert will testify. An expert will not be permitted to testify or provide opinions on issues not raised in his report.
Whether a party complied with Loc.R. 21.1(B) is within the trial court's discretion.[1] The trial court's decision will not be disturbed absent an abuse of that discretion.[2] For an abuse of discretion to exist, the fact-finder's result must be "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[3]
Joneeta argues the trial court properly excluded Dr. Kelley's testimony because Edward's filing of Dr. Kelley's expert report the day of trial amounts to undue surprise prohibited by Loc.R. 21.1(B). In support of her position, Joneeta refers us to Montague v. Montague.[4]
In Montague, the trial court excluded expert testimony after the proponent filed a "worksheet" on the day of trial.[5] This court affirmed the trial court's decision because the "worksheet" did not comply with Loc.R. 21.1(B)'s requirement that the proponent of expert testimony provide a "written report" to opposing counsel.[6] In Montague this court focused on the insufficiency of the "worksheet", not the timeliness of the filing. Because the sufficiency of the report filed in this present case is not at issue, and because Montague does not stand for the proposition that a report filed the day of trial runs afoul of Loc.R. 21.1(B), we find Montague persuasive only on the issue of prejudicial effect.
The essential function of Loc.R. 21.1(B) is avoidance of prejudicial surprise, thereby ensuring an opposing party reasonable opportunity to respond to the proposed expert testimony.[7] Accordingly, a trial court errs in granting a motion in limine to exclude expert testimony where the opposing party is not prejudiced by its admission.[8]
Although faxing an expert report to the court mere hours before trial may not always comply with Loc.R. 21.1(B), the present case presents the interesting situation where the opposing party was well-aware both of the proponent's intention to present expert testimony and of the substance of that testimony. The record here contains a letter from Edward's counsel to Joneeta's counsel filed with the trial court on March 13, 1998 stating, "* * *, I am enclosing the information which Mr. Kelley sent me relative to [Joneeta's] pension. As you can see after reading this general information, * * *, it is necessary to have Mrs. Wright's pension evaluated in order to determine what component may be a retirement benefit to which Mr. Wright may be entitled to a portion. * * * a formal evaluation is necessary." Further, both Edward's and Joneeta's witness lists filed in June of 1998 include Dr. Kelley of Pension Evaluators. Also, on August 28, 1998, Edward filed a motion for continuance with the trial court indicating that Dr. Kelley's evaluation of Joneeta's pension was not yet ready for trial. Because the record so clearly demonstrates that Joneeta was not prejudicially surprised by the proposed testimony of Dr. Kelley, the trial court abused its discretion in granting Joneeta's motion in limine. Accordingly, Edwards second through seventh assigned errors have merit.
In his first, eighth, and ninth assigned errors, Edward argues the trial court erred in dividing the marital property. His eighth assigned error generally challenges the division of marital property while his first and ninth assigned errors focus on the marital home.
Preliminarily, we note the magistrate and trial court made substantial efforts to ascertain, value, and equitably divide the marital property. Our resolution of Edward's second through seventh assigned errors potentially impact the marital estate; accordingly, we are unable to adequately review the trial court's division of marital property. The trial court must consider the testimony of Dr. Kelley, as required above, determine what amount of Joneeta's pension is marital property, and create an equal or equitable division of marital property. Accordingly, Edward's first, eighth, and ninth assigned errors are moot.
In his tenth through thirteenth assigned errors, Edward argues the trial court erred in granting spousal support to Joneeta. Again, our standard of review is whether the trial court abused its discretion.[9]
In domestic relations matters we give broad deference to the trial court's decision unless the trial court has acted unreasonably, unconscionably, and arbitrarily.[10]
R.C. 3105.18(C)(1) provides a list of factors to be used by the trial court when determining an award of spousal support. The trial court need not list and comment upon each of these factors, it need only demonstrate it considered them.[11]
Here, we benefit from the trial court's exhaustive treatment of the various factors. The most relevant here are as follows. Joneeta collects $2,358.65 per month income from PERS disability and a rental property. She supplements this income by babysitting. Edward's most recently available W-2 statements showed gross annual income of $35,000 in 1997 and $46,710.11 in 1998. Edward is healthy and actively working for the same employer he has had for 20 years. Joneeta suffers from a back ailment which makes sitting, standing, and walking difficult. As a result, most of Joneeta's income is derived from her PERS disability pension. The parties were married for approximately fourteen years. Considering these factors, we cannot say the trial court abused its discretion in awarding spousal support to Joneeta. Accordingly, Edward's tenth through twelfth assignments of error are without merit.
In his fourteenth assigned error, Edward argues the trial court erred in ordering him to pay towards Joneeta's attorney fees. When awarding attorney fees, the trial court must consider the same factors considered when making an award of spousal support.[12] Two important considerations are the financial ability of the payor spouse and whether a failure to award reasonable attorney fees will prevent either party from fully litigating his rights and adequately protecting his interests.[13] An award of attorney fees will not be disturbed unless it constitutes an abuse of discretion or is unsupported by the weight of the evidence.[14]
R.C. 3105.18(H) provides:
 In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, * * *, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
Preliminarily, we note that the trial court awarded Joneeta $2,000 for attorney fees rather than the full $7,897 she incurred in this litigation. The evidence supports the conclusion that Edward was financially capable of paying the $2,000 awarded to Joneeta as attorney fees. While this case was before the trial court, Edward was employed while Joneeta collected disability income which she supplemented with rental and babysitting earnings. Also, due to her limited resources, Joneeta would not be able to fully litigate her claims without an award of attorney fees. The trial court did not abuse its discretion by ordering Edward to pay towards Joneeta's attorney fees. Accordingly, Edward's fourteenth assigned error is without merit.
Judgment affirmed in part and reversed in part. Cause remanded to the trial court for proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] Reese v. Euclid Cleaning Contractors, Inc. (1995),103 Ohio App.3d 141, 658 N.E.2d 1096, citing David v. Schwarzwald, Robiner, Wolf Rock (1992), 79 Ohio App.3d 786, 797, 607 N.E.2d 1173,1179.
[2] Reese, citing David, supra and Krantz v. Schwartz (1992),78 Ohio App.3d 759, 764 605 N.E.2d 1321, 1324-1325.
[3] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257, 662 N.E.2d 1, 3.
[4] (December 11, 1997), Cuyahoga App. Nos. 71288, 71806, and 71807, unreported.
[5] Id.
[6] Id.
[7] Reese, citing, David v. Schwarzwald, Robiner, Wolf, Rock (1992), 79 Ohio App.3d 786, 797, 607 N.E.2d 1173, 1179.
[8] Reese, supra.
[9] See, Martin, supra; see also, Cherry, supra.
[10] Nakoff, supra.
[11] McConnell v. McConnell (February 3, 2000), Cuyahoga Co. App. No. 74974, unreported citing Adams v. Adams, 1994 (July 18, 1994), Clermont App. No. CA94-02-011 unreported, and Griffith v. Griffith, (June 20, 1988), Butler App. No. CA87-10-129, unreported.
[12] Williams v. Williams (1996), 116 Ohio App.3d 320, 328,688 N.E.2d 30.
[13] Id.; Neel v. Neel (1996), 113 Ohio App.3d 24, 680 N.E.2d 207, appeal dismissed (1997), 77 Ohio St.3d 1514, 674 N.E.2d 369.
[14] Id.; Williams at 328.